# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KINETEC USA, INC.,**

      **Plaintiff,**

      **v.**               **Case No. 26-CV-442**

**MEDENVISION BV, et al.,**

      **Defendants.**

## ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER

Before the court is Kinetec USA, Inc's motion for a temporary restraining order enjoining the termination of its alleged dealership agreement with MedEnvision BV and MedEnvision's subsidiary MedEnvision USA, LLC (referred to here collectively as MedEnvision). Kinetec alleges that MedEnvision's actions violated the Wisconsin Fair Dealership Law (WFDL).

It is now over two years since MedEnvision informed Kinetec that their agreement would end on April 30, 2026. That was time enough to have fully litigated the merits of Kinetec's claims. Yet Kinetec waited until just six days before this deadline to seek a temporary restraining order. (ECF No. 11.) This purported time-sensitive crisis requiring urgent action by the court is entirely of Kinetec's making. Moreover, in the analysis of the merits of Kinetec's motion, its delay cuts against it every step of the way.

A federal court applies the same framework to a motion for a temporary restraining order that it applies to a motion for a preliminary injunction. *Twin Rivers Paper Co., LLC v. Complete Paper, Inc.*, No. 26-CV-172, 2026 U.S. Dist. LEXIS 22950, at \*3 (E.D. Wis. Feb. 4, 2026) (citing *CWPMI, Inc. v. Lahey*, No. 2:25-CV-00308-GSL-AZ, 2025 U.S. Dist. LEXIS 139803, at \*3 (N.D. Ind. July 22, 2025)). In the first phase, the movant must show that "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis*, 889 F.3d 432, 437 (7th Cir. 2018) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)). Only if the movant satisfies all these threshold elements will the court proceed to the second phase where it balances the relative harms to the parties and the public interest. *GrubHub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023). "This is done using a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *Id.*

"A party properly seeking protection under the WFDL enjoys a statutory presumption of irreparable harm." *Girl Scouts of Manitou Council,* 549 F.3d at 1090 (citing Wis. Stat. § 135.065). But Kinetec's delay tends to undermine this presumption. A party that is actually facing irreparable harm generally does not delay in acting to prevent it. *See, e.g.*, *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 953 (N.D. Ill. 2018) ("A lengthy, unexplained delay in seeking relief calls into question 'how urgent the need for [preliminary] equitable

relief really is.'" (quoting *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) (brackets in original))). That said, delay, by itself, does not negate irreparable harm. *Ty, Inc. v. Jones Grp. Inc.*, 237 F.3d 891, 903 (7th Cir. 2001); *see also Milwaukee Elec. Tool Corp. v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24 C 12487, 2025 U.S. Dist. LEXIS 112902, at *12 (N.D. Ill. June 13, 2025) (citing *Chancey v. Ill. State Bd. of Elections*, 635 F. Supp. 3d 627, 643 (N.D. Ill. 2022); *Life After Hate, Inc. v. Free Radicals Project, Inc.*, 410 F. Supp. 3d 891, 910 (N.D. Ill. 2019)).

Nonetheless, even a temporary loss of a dealership can cause irreparable harm to a dealer in the form of, for example, lost goodwill. The extent of this risk can vary greatly based on the nature of the customers' purchasing practices and relationship with the dealer. These facts that are not developed in the record before the court. While lost sales are compensable damages, lost goodwill is not so easily remediable. *See, e.g., Ty*, 237 F.3d at 902 (discussing goodwill vis-à-vis trademark).

Kinetec does not have any legal means other than injunctive relief to prevent the imminent end of its alleged dealership agreement. But again, that a temporary restraining order is its only remedy is purely a product of Kinetec's delay. In the two years since MedEnvision notified Kinetic, Kinetic could have fully litigated its claims.

The likelihood that Kinetec will succeed on the merits is also severely undercut by its delays in bringing this action. The WFDL has a one-year statute of limitations. Wis. Stat. § 893.93(3)(b). A claim for wrongful termination of a dealership agreement accrues upon the receipt of a notice that does not comply with the WFDL. *Les Moise,*

3

*Inc. v. Rossignol Ski Co.*, 122 Wis. 2d 51, 58, 361 N.W.2d 653, 656 (1985). Kinetec acknowledges that it received notice of its termination on April 25, 2024. (ECF No. 1, ¶ 41.)

Kinetec tries to get around this problem by arguing that the parties' ongoing efforts to negotiate an extension, which did not end until September 2025, extended the statute of limitations period. But it has not pointed to any caselaw supporting its argument. And in any event, it is unclear to what extent the parties' discussions were related to extending the dealership agreement or merely efforts to salvage some sort of business relationship.

Kinetec also points to separate alleged violations of the WFDL that occurred within one year of its filing this action. But it is uncertain to what extent violations that it acknowledges were independent of the alleged wrongful termination could salvage an untimely wrongful termination claim. The motion for a temporary restraining order is linked solely to the seemingly untimely wrongful termination claim.

MedEnvision also points out that this might not be the proper place for their dispute. Their agreement has a forum selection clause requiring disputes to be brought in Belgium.

But at its core, Kinetec's claim is that MedEnvision terminated its dealership agreement without the good cause required under Wisconsin law. And as to that narrow question, it has shown the requisite likelihood of success on the merits.

Therefore, the court finds that Kinetec has satisfied the threshold elements such that it is necessary to proceed to the balancing phase. It is at this phase that gaps in the record pose the greatest problem. The court has little information as to the immediate consequences of granting or denying an injunction.

It is worth underscoring that a temporary restraining order is a short-term measure aimed at maintaining the status quo only until the court can more fully address the merits of the claim. *Twin Rivers Paper Co.*, 2026 U.S. Dist. LEXIS 22950, at *3. The parties' relationship has existed since 2017, and granting a temporary restraining order stands to extend that relationship for a few more days to allow the court to have a full hearing and consideration of the issues involved in granting injunctive relief while this action proceeds.

MedEnvision has offered very little in terms of the harm it may suffer if forced to delay its transition to direct distribution for a few more days. On the other hand, Kinetec enjoys the presumption of irreparable harm. It faces the imminent loss of the source of roughly 70 percent of its domestic revenue, although it does not provide details as to the consequences of this in terms of matters such as staffing. A temporary restraining order will also serve the public interest by, for example, fostering the public policy reflected in the WFDL. Under the circumstances, the court finds that, notwithstanding its delay in bringing this action, Kinetec is entitled to a temporary restraining order to preserve the status quo to allow the court to more fully consider the issues presented in the motion for a preliminary injunction.

Therefore, the court will grant the motion for a temporary restraining order and instruct the Clerk to schedule a hearing on the motion for a preliminary injunction at the court's earliest availability.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a temporary restraining order is granted. The Clerk shall schedule a hearing on the plaintiff's motion for a preliminary the court's earliest availability.

**IT IS FURTHER ORDERED**:

a. MedEnvision BV is temporarily restrained and enjoined from terminating its dealership relationship with Kinetec effective as of April 30, 2026, and a temporary restraining order preserving the status quo shall go into effect as of May 1, 2026;

b. Defendants, MedEnvision BV and MedEnvision USA, LLC are temporarily restrained and enjoined from intentionally directly contacting, transitioning or meeting with persons or entities it knows to be current and active customers or distributors of Kinetec;

c. Defendant, MedEnvision BV, shall timely and on a non-discriminatory basis fulfill Kinetec's orders for product during this injunction period;

d. Defendant, MedEnvision BV is temporarily restrained and enjoined from imposing non-contractual price increases without abiding by the contractual notice provisions;

e. This Order shall expire no later than May 14, 2026; and

f. The court finds that, in light of the anticipated short duration of this injunction and the absence of evidence of likely damage to the defendants during that period, the court waives the posting of bond.

Dated at Green Bay, Wisconsin this 30th day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge